UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON R. HOFFMAN, | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| v. | § | SA-11-CV-1083 XR (NN) |
| | § | |
| RICH THALER, ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER ON PENDING MOTIONS AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT

A number of motions are pending before the court:

1. **Motions for default judgment** - Docket entries 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 100: Service was effected on defendants by Linda Hoffman, who resides at the same address as plaintiff, by certified mail. Federal Rule of Civil Procedure 4(e) describes the methods for effective service of process. Rule 4(e)(1) specifically recognizes service accomplished according to the law of the state in which the federal district court is located. Service by certified mail is an authorized form of service under Texas law, however, service by certified mail must be accomplished by a person who is not a party or one interested in the outcome of the suit. Texas Rule of Civil Procedure 103. Additionally, the returns of service filed with the Clerk of Court must include a copy of the certified mail receipts signed by the addressees. Texas Rule of Civil Procedure 107(c).

Plaintiff's purported service does not comply with Texas rules of procedure and is therefore invalid. Without proof of effective service on defendants, plaintiff is not entitled to

1

entry of default or to default judgment under Federal Rule of Civil Procedure 55. These motions are therefore ORDERED DENIED.

2. **Motions to Quash Service**: Docket entries 15, 16, 17, 18, 67, 68, 69, 70, 71, 73, 75, and 76 are ORDERED GRANTED for the reason stated above. Additionally, plaintiff is reminded that to be effective, service on a defendant who is not a person must be made on a person authorized to receive service of process for that defendant.

3. **Motion regarding service**: Docket entry 102 is DENIED. This motion relates to the effectiveness of service on defendants. As explained above, plaintiff did not effectively serve the defendants under the Texas or federal rules of procedure.

4. **Motions to produce**: Docket entries 63 and 64 are DENIED as premature. In these motions plaintiff asks for the production of documents. Plaintiff is directed to consult the Federal Rules of Civil Procedure, particularly 26-37, regarding the timing of and process for propounding discovery in this case, and in what situations the parties may ask for court involvement in the discovery process.

5. **Motion to access federal court's database**: Docket entry 104 is DENIED. Plaintiff complains that he has not received a copy of all of the documents filed by defendants in this case. It appears that plaintiff filed a notice of change of address on January 19, 2012, but he did not serve any parties with a copy of his notice.

Plaintiff is required to immediately notify the Clerk <u>and</u> defendants' counsel in writing of any change in his address, caption any such change of address advisories as "notice to the Court of Change of Address," and not include any motions or other matters in such notice. This notice shall contain only information pertaining to the address change and the effective date of such

change of address. Failure by plaintiff to immediately notify the Clerk and defendants' counsel of any change in plaintiff's mailing address will be interpreted by the Court as a failure to prosecute and may result in the Court recommending the dismissal of plaintiff's Complaint.

Plaintiff is advised that he is obligated under both the Federal Rules of Civil Procedure and this Court's Local Rules to send a copy of all pleadings, motions or other documents he submits to the Clerk of this Court for filing to each defendant or, after an attorney has made an appearance for defendant, defendants' counsel of record herein. The Court will disregard any pleading, motion, or other document submitted for filing by plaintiff that fails to contain a "certificate of service" stating the date and method (e.g., hand delivery, certified mail or regular mail), by which the plaintiff sent a copy of that pleading, motion or document to each defendant or defendant's counsel of record. Once an attorney makes an appearance on behalf of defendant, the plaintiff must send defendant's copy of any pleading, motion, or document submitted for filing by plaintiff to defendant's attorney. Documents submitted without a complete certificate of service may be stricken.

Insofar as plaintiff requests access to the electronic record in this case, he is advised that he can access the electronic record of this case at the Clerks Office, or by registering for such access at "www.pacer.gov" and no order is necessary.

6. **Case status**: Also before the Court is the general status of this case. Plaintiff filed an amended complaint on December 30, 2011 which is 90 pages long. In it he names 37 persons or entities as defendants. The amended complaint is handwritten. His claims against the defendants are unclear.

In the interests of justice plaintiff is ORDERED to file an amended complaint as directed

below. If his claims against the defendants are not related to the same incident or issue then he is directed to file separate complaints for each separate incident or issue, and pay the appropriate filing fee for those additional complaints.

Plaintiff is reminded that Federal Rules of Civil Procedure 8 provides that the complaint provide a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim(s) showing that the plaintiff is entitled to relief, and a demand for the relief sought.

If plaintiff is asserting claims against multiple defendants, in order to assist the Court and all parties, his amended complaint must include separately numbered paragraphs, one for each defendant.  Each paragraph must identify (1) a short and plain statement of the precise act or failure to act by each defendant, (2) the claim or cause of action which he alleges the actions or inactions of the defendant supports, and (3) the relief he requests the court award as to each defendant.

Plaintiff is ORDERED to file his amended complaint no later than **February 17, 2012.**  If he fails to file an amended complaint by February 17, 2012 as ordered above, I will recommend dismissing this case for failing to prosecute and/or failing to comply with this Order.

**SIGNED** on February 3, 2012.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE