UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-11-CV-1083 XR (NN) |
| RICK THALER, Executive Director, | § | |
| Texas Department of Criminal Justice, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The purpose of this order is to direct plaintiff Jason Hoffman to show cause why certain defendants named in his amended complaint[1] should not be dismissed for failing to state a claim upon which relief may be granted.

Hoffman amended his complaint on February 16, 2012, in response to my direction to provide a short and plain statement of the precise acts and/or omissions by defendant.[2] In his amended complaint Hoffman now names 27 defendants—some named in the original complaint and others not named in the original complaint.

In reviewing plaintiff's claims, I have determined that Hoffman's complaint fails to state a claim upon which relief may be granted against certain defendants for the following reasons:

---

[1]Docket entry # 113.

[2]Docket entry # 109.

1

1. The complaint fails to state a claim against the Bexar County Sheriff's Department, the Bexar County Adult Detention Center and the Bexar county District Attorney's Office, because those defendants lack the capacity to be sued.

> The capacity of an entity…to sue or to be sued is "determined by the law of the state in which the district court is held." In order for a plaintiff to sue a department…, that department must enjoy a separate legal existence. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.[3]

Bexar County is a "corporate and political body,"[4] but "[t]he Sheriff's Department is a law enforcement agency organized and existing as a departmental subdivision of [Bexar] County, Texas."[5] Bexar County has not given the Sheriff's Office jural authority. As such, the Bexar County Sheriff's Office lacks the capacity to sue or be sued. Likewise, Bexar County has not given the Bexar County Adult Detention Center jural authority, and thus the Bexar County Adult Detention Center lacks jural capacity. Likewise, Bexar County has not given the Bexar County District Attorney's Office jural authority, and thus the Bexar County District Attorney's Office lacks jural capacity.[6] For that reason, the allegations

---

[3] *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000) (internal citations omitted).

[4] *See* Tex. Local Gov't Code § 71.001.

[5] *Magnett v. Dallas County Sheriff's Dep't*, No. 3-96-CV-3191-BD, 1998 U.S. Dist. LEXIS 1110 (N.D. Tex. Jan. 20, 1998). *See* Tex. Code Crim. P. Ann. art. 2.17 ("Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial. He shall quell and suppress all assaults and batteries, affrays, insurrections and unlawful assemblies. He shall apprehend and commit to jail all offenders, until an examination or trial can be had.").

[6] *See* Tex. Local Gov't Code § 44.115.

against the Bexar County Sheriff's Department, the Bexar County Adult Detention Center, and the Bexar County District Attorney's Office fail to state a claim upon which relief can be granted.

2. The complaint fails to state a claim against defendants Attorney General Greg Abbott, Assistant Attorney General Allen Cook, District Attorney Susan Reed, Assistant District Attorney Ashley Botard, Unknown Assistant District Attorney and Second Chair Attorney assigned to the 379th Judicial District Court, Unknown Assistant District Attorney and Third Chair Attorney assigned to the 379th Judicial District Court, because these defendants are protected by prosecutorial immunity. The actions alleged against these defendants took place in the discharge of their official duties as prosecutors. "Prosecutorial officials are immune from damage actions brought for conduct performed in the role of a prosecutor."[7]

> The prosecutor's immunity is derived from the absolute immunity accorded judges and grand jurors, an immunity necessitated by the concern that these actors in the judicial process required by law to make important decisions regarding the initiation, conduct, and merit of controversies which often excite "the deepest feelings" of the parties would be intimidated in the exercise of their discretion by the fear of retaliatory lawsuits brought by angry defendants.[8]

To the extent Hoffman complains about legal advice rendered by the Attorney General

---

[7] *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir. 1978). *See Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (internal citation omitted) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' because that conduct is 'intimately associated with the judicial phase of the criminal process.'" ).

[8] *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980).

3

defendants in Hoffman's civil lawsuits, those defendants are immune from liability as quasi-judicial officers.[9]  Thus, Hoffman's allegations against these defendants fail to state a claim upon which relief may be granted.

  3.  The complaint fails to state a claim against defendant Judge Ron Rangel because that defendant is protected from liability by judicial immunity.  The actions alleged against Judge Rangel took place in the discharge of his official duties as judge.  "A judge generally has absolute immunity from suits for damages.  Judicial immunity is an immunity from suit, not just the ultimate assessment of damages."[10]  Thus, Hoffman's allegations against Judge Rangel fail to state a claim upon which relief may be granted.

  4.  The complaint fails to state a claim against defendants Aramark Corporation and Aramark employee Shelton Colston because those defendants are not state actors.  To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[11]  "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[12]  Aramark and Colston are private actors who are not subject to liability under section 1983.  Thus, Hoffman's allegations

---

[9] *See Morales v. Turman*, 383 F. Supp. 53, 68 (E.D. Tex. 1974).

[10] *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009).

[11] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[12] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

4

against Aramark and Colston fail to state a claim upon which relief may be granted.

**Court's order**.  For the reasons stated above, I ORDER Hoffman to show cause why the claims against the defendants listed above should not be dismissed for failing to state a claim.  Hoffman is ORDERED to respond to this order in writing by **March 15, 2012**, and explain why the claims against the discussed defendants should not be dismissed for failing to state a claim.  In his response, Hoffman must specifically address the reasoning discussed in this order as to each defendant.

If Hoffman fails to respond to this order by March 15, 2012, or fails to provide the details directed by this order, I will recommend dismissing his claims against the listed defendants for failing to state a claim upon which relief may be granted and failing to prosecute.[13]

**SIGNED** on March 1, 2012.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13] *See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds plaintiff failed to prosecute case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").