# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JASON HOFFMAN,** | § | |
| | § | |
| **Plaintiff ,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-11-CV-1083 XR (NN)** |
| **RICK THALER, Executive Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

**TO:**   **Xavier Rodriguez**
      **United States District Judge**

This report and recommendation recommends dismissing the claims against certain defendants in this case.  At the time this case was filed, the plaintiff was an inmate.  The case was assigned to me for pretrial proceedings.  Because the plaintiff was an inmate when he filed this case, screening under 28 U.S.C. 1915A applies.[1]  There is a motion to dismiss pending in this case,[2] but the district court need not reach the motion if it accepts my recommendation.

**Dismissal under 28 U.S.C. § 1915A**.  Under 28 U.S.C. § 1915A, the court must

---

[1] 28 U.S.C. § 1915A.

[2] Docket entry # 14.

screen an inmate's complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[3]  This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[4]  Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[5]  Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6]  Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.  After screening this case, I determined that certain claims fail to state a claim upon which relief may be

---

[3]28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[4]*See* 28 U.S.C. § 1915A(b) )"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See also Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[5]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[6]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

granted.

**Background of the case**.  Plaintiff Jason Hoffman has four pending lawsuits in this district:

(1) Cause No. 5:11-CV-00703-FB, an action in which Judge Primomo recommended dismissal of Hoffman's section 1983 claims and his 2254 habeas petition;[7]

(2) this lawsuit;

(3) Cause No. 5:12-CV-00148-XR, asserting claims under section 1983 against numerous employees of the Bexar County Detention Center and others; and

(4) Cause No. 5:12-CV-00149-XR, another section 1983 lawsuit asserting claims against numerous employees of the Bexar County Detention Center and others.

In addition to the above-listed lawsuits, Hoffman has a prior lawsuit—Cause No. 5:09-CV-00618-XR.  In that case, Hoffman sued numerous defendants associated with his probation.  The district judge dismissed that lawsuit for failing to state a claim.

Hoffman filed his original complaint in this case on December 19, 2011.  Less than two weeks later, Hoffman filed an amended complaint and named some of the same defendants in the original complaint and deleted other named defendants.  Hoffman also filed numerous motions for default judgment.

I resolved the pending motions and directed Hoffman to amend his complaint to

_____

[7]Cause No. 5:11-CV-00703-FB, docket entry # 2.

3

provide a short and plain statement of the precise acts and/or omissions by defendant.[8]

Hoffman then filed a document naming 28 defendants—some named in the original

complaint and others not named in the original complaint—and associated a modified

version of the same essential paragraph with each defendant.[9]  Hoffman also filed two

additional lawsuits.

Observing that Hoffman had named numerous defendants who are immune

from suit or lack jural capacity, I issued an order and directed Hoffman to show cause

why claims against certain defendants should not be dismissed for failing to state a

claim.[10]  I directed Hoffman to specifically address the reasoning discussed in my order.

Instead of complying with my order, Hoffman attempted to further amend his

complaint by naming 30 defendants—some named in the original complaint and some

deleted by prior amended complaints.[11]  That effort mirrored earlier efforts, in that

Hoffman associated a modified version of the same essential paragraph with each

defendant.  Because Hoffman did not seek leave of court to amend his complaint,[12] I

---

[8]Docket entry # 109.

[9]Docket entry # 113.

[10]Docket entry # 116.

[11]Docket entry # 118.

[12]*See* Fed. R. Civ. P. 15(a)(1) (providing that a party may amend his complaint once as a matter of course and otherwise seek leave of court or obtain opposing party's written consent).

struck the most recent amendment.

Hoffman also filed a response to my show-cause order.[13]  The response did not address the reasoning discussed in my show-cause order.  This report is based on the complaint Hoffman filed in response to my earlier instruction to provide a short and plain statement of the precise acts and/or omissions by defendant (docket entry # 113).

**Nature of Hoffman's claims in this case**.  In the repeated paragraph, Hoffman relied on 42 U.S.C. § 1983 and alleged violations of various constitutional amendments—the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments—without explanation about how the defendants' acts and/or omissions caused violations.  Hoffman complained: (1) he was denied a timely parole revocation hearing, (2) he was never notified about an armed-and-dangerous warrant for his life, (3) he was detained from September 7, 2011 to January 17, 2012, (4) he was denied legal representation, (5) he could not file criminal charges for violations of his constitutional rights, (5) his custodians classified his out-going mail as terrorist threats, (6) he was subjected to price-gauging by sub-contractor/defendant Aramark Corporation, (7) his money was not refunded when he was released from detention without delivery of his commissary order, and (8) his custodian cancelled his paid newspaper subscription.

**Allegations that fail to state a claim**.  In reviewing Hoffman's claims, I

---

[13]Docket entry # 125.

determined that Hoffman's complaint fails to state a claim upon which relief may be

granted against certain defendants for the following reasons:

1.  The complaint fails to state a claim against the Bexar County Sheriff's

Department, the Bexar County Adult Detention Center and the Bexar County District

Attorney's Office, because those defendants lack the capacity to be sued.

> The capacity of an entity…to sue or to be sued is "determined by the law
> of the state in which the district court is held."  In order for a plaintiff to
> sue a department…, that department must enjoy a separate legal
> existence.  Unless the political entity that created the department has taken
> "explicit steps to grant the servient agency with jural authority," the
> department lacks the capacity to sue or to be sued.[14]

Bexar County is a "corporate and political body,"[15] but "[t]he Sheriff's Department is a

law enforcement agency organized and existing as a departmental subdivision of

[Bexar] County, Texas."[16]  Bexar County has not given the Sheriff's Office jural

authority.  As such, the Bexar County Sheriff's Office lacks the capacity to sue or be

---

[14]*Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000) (internal citations omitted).

[15]*See* Tex. Local Gov't Code § 71.001.

[16]*Magnett v. Dallas County Sheriff's Dep't*, No. 3-96-CV-3191-BD, 1998 U.S. Dist. LEXIS 1110 (N.D. Tex. Jan. 20, 1998).  *See* Tex. Code Crim. P. Ann. art. 2.17 ("Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial. He shall quell and suppress all assaults and batteries, affrays, insurrections and unlawful assemblies. He shall apprehend and commit to jail all offenders, until an examination or trial can be had.").

sued.  Likewise, Bexar County has not given the Bexar County Adult Detention Center

jural authority, and thus the Bexar County Adult Detention Center lacks jural capacity.

Nor has Bexar County given the Bexar County District Attorney's Office jural authority;

thus, the Bexar County District Attorney's Office lacks jural capacity.[17]  For that reason,

the allegations against the Bexar County Sheriff's Department, the Bexar County Adult

Detention Center, and the Bexar County District Attorney's Office fail to state claims

upon which relief can be granted.

2.  The complaint fails to state a claim against defendants Attorney General Greg

Abbott, Assistant Attorney General Allen Cook, District Attorney Susan Reed, Assistant

District Attorney Ashley Botard, Unknown Assistant District Attorney and Second

Chair Attorney assigned to the 379th Judicial District Court, Unknown Assistant District

Attorney and Third Chair Attorney assigned to the 379th Judicial District Court,

because these defendants are protected by prosecutorial immunity.  The actions alleged

against these defendants took place in the discharge of their official duties as

prosecutors.  "Prosecutorial officials are immune from damage actions brought for

conduct performed in the role of a prosecutor."[18]

---

[17]*See* Tex. Local Gov't Code § 44.115.

[18]*Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir. 1978).  *See Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (internal citation omitted) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' because that conduct is 'intimately associated with the judicial phase of the

> The prosecutor's immunity is derived from the absolute immunity accorded judges and grand jurors, an immunity necessitated by the concern that these actors in the judicial process required by law to make important decisions regarding the initiation, conduct, and merit of controversies which often excite "the deepest feelings" of the parties would be intimidated in the exercise of their discretion by the fear of retaliatory lawsuits brought by angry defendants.[19]

To the extent Hoffman complains about legal advice rendered by the Attorney General defendants in Hoffman's civil lawsuits, those defendants are immune from liability as quasi-judicial officers.[20] Thus, Hoffman's allegations against these defendants fail to state a claim upon which relief may be granted.

3. The complaint fails to state a claim against defendant Judge Ron Rangel because that defendant is protected from liability by judicial immunity. The actions alleged against Judge Rangel took place in the discharge of his official duties as judge. "A judge generally has absolute immunity from suits for damages. Judicial immunity is an immunity from suit, not just the ultimate assessment of damages."[21] Thus, Hoffman's allegations against Judge Rangel fail to state a claim upon which relief may be granted.

_____

criminal process.'" ).

[19] *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980).

[20] *See Morales v. Turman*, 383 F. Supp. 53, 68 (E.D. Tex. 1974).

[21] *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009).

4.  The complaint fails to state a claim against defendants Aramark Corporation and Aramark employee Shelton Colston because those defendants are not state actors. To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[22] "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[23] Aramark and Colston are private actors who are not subject to liability under section 1983.  Thus, Hoffman's allegations against Aramark and Colston fail to state a claim upon which relief may be granted.

**Recommendation**.  For the reasons discussed, I recommend dismissing the claims against the following defendants:

(1)  the Bexar County Sheriff's Department, the Bexar County Adult Detention Center and the Bexar County District Attorney's Office, because those defendants lack the capacity to be sued;

(2) Attorney General Greg Abbott, Assistant Attorney General Allen Cook, District Attorney Susan Reed, Assistant District Attorney Ashley Botard, Unknown Assistant District Attorney and Second Chair Attorney assigned to the 379th Judicial District Court, Unknown Assistant District Attorney and Third Chair Attorney assigned to the 379th Judicial District Court, because these defendants are protected by prosecutorial immunity;

---

[22]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[23]*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

(3) the Attorney General defendants for allegations flowing from legal advice because those defendants are immune from liability as quasi-judicial officers;

(4) Judge Ron Rangel because he is protected from liability by judicial immunity; and

(5) Aramark Corporation and Aramark employee Shelton Colston because those defendants are not state actors.

If the district court accepts this recommendation, the pending motion to dismiss (docket entry # 14) will be moot.[24] Accepting the recommendation will leave claims against the following defendants: Rick Thaler, the Texas Department of Criminal Justice, Roger Dovalina, Sheriff Amadeo Ortiz, the State of Texas, Bexar County Deputy Sheriff Captain Valdez, Bexar County Deputy Sheriff Lieutenant Baldey, Bexar County Deputy Sheriff Sergeant Gonzales, Bexar County Deputy Sheriff Corporal Rivera, Bexar County Deputy Sheriff Corporal Lieja, Inspector General for the Texas Department of Criminal Justice, the Texas Commission on Jail and Standards, Program Specialist Mark Wilson of the Texas Commission on Jail Standards, Adan Munoz Jr., Bexar County Sheriff Chief Longoria, and Bexar County Deputy Chief Jordan.

Finally, I recommend warning Hoffman about the consequences of violating Rule 11.[25] The rule authorizes the district court to sanction a litigant who files pleadings filed

---

[24]Docket entry # 14 (seeking dismissal of claims against the Bexar County Detention Center for lack of jural capacity).

[25]Fed. R. Civ. P. 11.

for an improper purpose such as to harass a defendant.

   **Instructions for Service and Notice of Right to Object/Appeal**.  The United

States District Clerk shall serve a copy of this report and recommendation on all parties

by either (1) electronic transmittal to all parties represented by attorneys registered as a

"filing user" with the clerk of court, or (2) by mailing a copy to those not registered by

certified mail, return receipt requested.  Written objections to this report and

recommendation must be filed within 14 days after being served with a copy of same,

unless this time period is modified by the district court.[26]  Such party shall file the

objections with the clerk of the court, and serve the objections on all other parties.  A

party filing objections must specifically identify those findings, conclusions or

recommendations to which objections are being made and the basis for such objections;

the district court need not consider frivolous, conclusive or general objections.  A

party's failure to file written objections to the proposed findings, conclusions and

recommendations contained in this report shall bar the party from a *de novo*

determination by the district court.[27]  Additionally, failure to file timely written

objections to the proposed findings, conclusions and recommendations contained in this

report and recommendation shall bar the aggrieved party, except upon grounds of

---

   [26]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

   [27]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court.[28]

      **SIGNED** on March 26, 2012.


*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[28]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).