UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON HOFFMAN, § <br> § <br> **Plaintiff** § <br> § <br> v. § <br> § <br> RICK THALER, § <br> **Texas Department of Criminal Justice** § <br> **Correctional Institutions Division Director,** § <br> **ET AL.,** § <br> § <br> **Defendants** § | Civil Action <br> No. SA-11-CA-1083-XR <br><br> Consolidated With Civil Action <br> Nos. SA-12-CA-148 and SA-12-CA-149 |

# M E M O R A N D U M   O P I N I O N

Before the Court are Plaintiff Jason Hoffman's consolidated 42 U.S.C. § 1983 Civil Rights Complaints against more than forty State and County officials and officers claiming he was denied due process in a 2011 parole revocation proceeding that was later dismissed and he complains about the conditions of his custody at the Bexar County Adult Detention Center (BCADC) during that time. Also before the Court is the Bexar County Defendants' Motion to Dismiss (*see* Case 12-CA-149 Entry # 9) for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6). In a previous Order (Entry # 140), this Court consolidated these cases, dismissed Hoffman's claims against various State officials, and directed Hoffman to show cause why the parole officers and officials, the Bexar County Defendants, and all other remaining Defendants should not be granted summary judgment. This Court now addresses the remaining claims.

## I.

In response to this Court's Order directing Hoffman to show cause why the remaining Defendants should not be granted summary judgment, Hoffman filed a Motion for Reconsideration.

(Entry # 141.) Because of Hoffman's previous voluminous filings and to clarify the issues this Court specifically reminded Hoffman (*see* Entry # 140 at 7) that any further filings should comply with Local Court Rule CV-10 which requires that filings be double-spaced and not exceed twenty pages. Hoffman's Motion for Reconsideration is single-spaced and fifty pages. The Motion for Reconsideration shall be stricken for failing to comply with Local Rule CV-10. In the alternative the Motion shall be denied; the Motion's allegations are vague and conclusory and fail to present an error of law or fact warranting reconsideration.

## II.

To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to refer to material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Hoffman's Complaints fail to allege the violation of Hoffman's constitutional or federal rights, and thus Hoffman's Complaints fail to state a claim.

Hoffman alleges the parole officers and officials denied him due process by detaining him on a parole revocation warrant notwithstanding the related criminal proceedings were dismissed. Parole

officials are entitled to absolute immunity arising from proceedings to revoke parole or to impose additional conditions. *See Cousin v. Small,* 325 F. 3d 627, 635 (5th Cir. 2003), *cert. denied*, 540 U.S. 826 (2003); *Hulsey v. Owens*, 63 F. 3d 354, 356-57 (5th Cir. 1995); *see also Coleman v. Dretke,* 395 F. 3d 216, 219, n.2 (5th Cir. 2004), *cert. denied*, 546 U.S. 938 (2005). Therefore Hoffman failed to state a claim against the parole hearing officer and other parole officials. Furthermore, the parole proceedings and criminal proceedings were separate proceedings, and Hoffman failed to allege there was not probable cause for his continued detention pursuant to the parole revocation warrant, and thus he failed to allege a due process claim.

Hoffman also alleges his due process rights were violated when he was "negligently" held beyond his "discharge date." If this is a restatement of Hoffman's claim that his detention pursuant to the parole revocation warrant was unlawful, the claim is without merit for the reasons previously discussed. Furthermore, negligence is not a basis for a civil rights action under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986). If this claim is not a restatement of the previously discussed claim, the claim is vague and conclusory, and therefore fails to state a claim. *Cf. Vulcan Materials v. City of Tehuacana*, 238 F. 3d 382, 387 (5th Cir. 2001) ("Here, the complaint did not contain a short and plain statement of the claim, only legal conclusions of such generality as to fail to give fair notice.").

Hoffman next complains BCADC staff interfered with his mail because it contained "terrorist threats." These allegations fail to state a claim. Prison regulations that infringe on prisoners' First Amendment Rights are valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987). Because of security concerns and to prevent abuse of "legal mail" privileges, jails and detention facilities are

authorized to inspect prisoner mail and this policy serves a legitimate and reasonable penological interest.  *See Brewer v. Wilkinson*, 3 F. 3d 816, 824 (5th Cir. 1993) ("[I]n determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest."), *cert. denied*, 510 U.S. 1123 (1994).  There is no constitutional right to use the mail for "terrorist threats."

Hoffman also complains BCADC has a policy of monitoring detainee's telephone calls, which Hoffman claims violates his right to counsel.  This claim is vague and conclusory and Hoffman fails to allege how he was harmed by this policy, and thus he failed to state a claim. In any event, the monitoring of prisoner's phone calls serves the obvious penological interest of promoting institutional security and is constitutional.  *See U.S. v. Amen*, 831 F. 2d 373, 379 (2d Cir. 1987), *cert. denied*, 485 U.S. 1021 (1988); *Martin v. Tyson*, 845 F. 2d 1451, 1456-58 (7th Cir. 1988), *cert. denied*, 488 U.S. 863 (1988).  This policy does not offend Hoffman's right to counsel because he had other means of communicating with his attorney, such as in person meetings.

Hoffman's suit against the BCADC officers for denying his grievances does not state a claim. Failure to resolve his grievances to his satisfaction is not a basis for a civil rights claim.  *See Geiger v. Jowers*, 404 F. 3d 371, 374 (5th Cir. 2005).

Hoffman alleges the Bexar County Defendants violated his First Amendment rights by refusing his request for a King James Bible, though he acknowledges he was furnished a Bible, while he was in BCADC custody.  He also claims that refusing his request for a King James Bible, while furnishing other Bibles on request, violates his equal protection rights.  These claims are without merit.  BCADC is not required to furnish prisoners with religious materials.  *See Frank v. Terrell*,

858 F. 2d 1090, 1090-91 (5th Cir. 1988). The First Amendment does not require that every religious group regardless of size be treated similarly. *See Baranowski v. Hart*, 486 F. 3d 112, 123 (5th Cir. 2007), *cert. denied*, 552 U.S. 1062 (2007). Hoffman failed to allege purposeful religious discrimination, and therefore has no basis for a claim. *Id*. Hoffman was free to obtain a King James Bible on his own.

Hoffman next complains BCADC has a policy of requiring publications be sent directly from the publisher to detainees, and this policy prevented him from receiving some religious publications. This claim is vague and conclusory because he fails to state facts in support of this claim, such as what religious materials he was denied and on what occasions. In any event the policy obviously serves the legitimate and reasonable penological interest of assuring that persons do not introduce contraband into BCADC hidden in books or other publications, and thus does not violate Hoffman's First Amendment rights. *See O'Lone v. Estate of Shabazz*, 482 U.S. at 349. Hoffman was still free to receive publications directly from the publisher in conformance with the BCADC policy.

Hoffman has no claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc - 2000cc-5, because he fails to allege facts showing a substantial interference with his religious beliefs or practices. *See Baranowski v. Hart*, 486 F. 3d at 123-26.

In a § 1983 civil rights action a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F. 2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an

employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dept. Soc. Servs. City New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff fails to allege how the individual Defendants were personally involved in the violation of his federal or constitutional rights and thus Hoffman failed to allege a non-frivolous claim against the defendants. Furthermore, because administrators and supervisors are not liable for the acts of their subordinates, Hoffman failed to state a claim against the various administrators and supervisors.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 236. Defendants in their individual capacities are entitled to invoke qualified immunity and Hoffman failed to allege *particular facts* sufficient to show Defendants are not entitled to qualified immunity.

Thus Hoffman failed to state a claim against the parole officers and officials, the Bexar County Defendants, or any of the other remaining Defendants, and he failed to allege particular facts sufficient to overcome their qualified immunity, and therefore these Defendants are entitled to dismissal.

## III.

A district court may enter summary judgment sua sponte provided the affected party has prior notice to come forward with evidence in opposition to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment pursuant to Fed. R. Civ. P. 56(a) is appropriate where the record shows there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "'genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322.

To overcome summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 698 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent).

This Court directed Hoffman to show cause (*see* Entry # 140) why the parole officers and officials, the Bexar County Defendants, and all other remaining Defendants should not be granted summary judgement. *Hoffman failed to respond as ordered, and therefore there is no material issue of fact for trial and these Defendants are entitled to summary judgment.* Furthermore, even it Hoffman's Motion for Reconsideration (*see* Entry # 141) is liberally construed as a response to this Court's Order, the Motion for Reconsideration has been stricken because it fails to conform to Local Rule CV-10, and thus it fails to present a material issue for trial. Furthermore, if the Motion is intended to be a response to this Court's Order, it is not sworn or verified under penalty of perjury, and thus is incompetent, and therefore fails to present a material issue of fact for trial. *See* Fed. R. Civ. P 56(c)(4); 28 U.S.C. § 1746. Moreover, the filing's allegations are vague and conclusory and fail to present a material issue of fact, and therefore are not sufficient to overcome summary judgment. In a filing titled "Motion to Rebut" (Entry # 143), Plaintiff requests that the Court set a date so that he can present evidence. Plaintiff is not automatically entitled to a hearing. Plaintiff was required to file any competent summary judgment evidence to rebut the motion for summary judgment and he has failed to do so.

## IV.

Accordingly, Hoffman's Motion for Reconsideration (Entry # 141) is **STRICKEN** and in the alternative is **DENIED**; the Bexar County Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (*see* Case 12-CA-149 Entry # 9) is **GRANTED**; the parole officers and officials, the Bexar County Defendants, and all other remaining Defendants are **GRANTED SUMMARY JUDGMENT**; and because Hoffman's claims against the other Defendants have been previously dismissed (*see* Entry

# 140) this case is **DISMISSED WITH PREJUDICE**.  All other pending motions are **DENIED** as moot.

*Federal Rule of Civil Procedure 11 provides that monetary sanctions may be imposed against those that burden the federal courts with frivolous filings.  Hoffman's claims in these cases fail to present an arguable basis for federal civil rights relief and thus are frivolous.  Hoffman is warned that further frivolous filings will be met with sanctions.*

It is so ORDERED.

SIGNED this 23rd day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE